**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-02153-REB-MEH

UNITED STATES OF AMERICA,

    Plaintiffs,

v.

DAVID W. GOLDSTON, individually an as Trustee of Old Times Holding Trust, Trustee of High Mountain Holding Trust, and Trustee of Old Oak Holding Trust,
NANCY C. GOLDSTON, individually an as Trustee of Old Times Holding Trust, Trustee of High Mountain Holding Trust, and Trustee of Old Oak Holding Trust,
W.W. INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendants.

## ORDER DENYING "MOTION TO DISMISS WITH JUDICIAL NOTICE"

**Blackburn, J.**

The matter before me is defendant David W. Goldston's **Motion To Dismiss With Judicial Notice** [#85], filed August 27, 2007. Although captioned as a motion to dismiss, defendant actually is seeking my disqualification on the ground that I am a federal government employee whose salary is "paid from taxes collected from We, the People." (Motion at 2.) Because these facts provide no basis for disqualification, I deny the motion.

The relevant statute, 28 U.S.C. § 455,[1] requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. **Id**.; **Salt Lake Tribune Publishing Co. v. AT & T Corp.**, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). On the other hand, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. Rather, "[d]isqualification for lack of impartiality must have a *reasonable* basis." **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" **United States v. Evans**, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted).

Plaintiff has shown no basis, much less a reasonable basis, for questioning my

---

[1] Plaintiff purports to bring this motion under both section 455 and 28 U.S.C. § 144. However, the latter must be accompanied by an affidavit "the facts and the reasons for the belief that bias or prejudice exists" and must be "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Assuming *arguendo* that a *pro se* litigant can submit the required certificate of counsel on his own behalf, plaintiff has failed to present an affidavit or, alternatively, a declaration that complies with the requirements of 28 U.S.C. § 1746. **See Price v. Philpot**, 420 F.3d 1158, 1166 n.6 (10th Cir. 2005) (noting requirements of section 1746).

impartiality in this matter. The very argument he advances has been specifically rejected by the Tenth Circuit as warranting disqualification:

> The one court that has confronted this argument rejected it as "farsical [sic]," finding that no "reasonable person" would question judicial impartiality merely because the United States government paid the judge's salary from tax revenues. ***See United States v. Zuger***, 602 F.Supp. 889, 892 (D. Conn.1984), ***aff'd***, 755 F.2d 915 (2nd Cir. Jan. 30, 1985) (table), ***cert. denied***, 474 U.S. 805. The court added that recusal on such basis would "mean that no federal judge could preside over the trial." ***Id***. . . . [I]n an analogous case we held that a judge's status as natural gas consumer does not mandate recusal in a natural gas antitrust suit because an "interest shared by the judge in common with the public" is not the type of interest that 28 U.S.C. 455 serves. ***In re New Mexico Natural Gas Antitrust Litigation***, 620 F.2d 794, 796-97 (10th Cir. 1980). In the instant case, the judge's status as taxpayer is one he shares with the public, and any remote or tenuous benefit he could potentially receive from a particular outcome in the case is outside the scope of 28 U.S.C. 455.

***Booth v. I.R.S.***, 1994 WL 563437 at *2 (10th Cir. Oct. 14, 1994). Given this precedent, defendant's motion must be denied.

**THEREFORE, IT IS ORDERED** that defendant David W. Goldston's **Motion To Dismiss With Judicial Notice** [#85], filed August 27, 2007, is **DENIED**.

Dated October 19, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**