IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as a Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendant(s).
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff United States' Emergency Motion to Compel [Docket No. 116; Filed January 14, 2008] (the "Motion"). Plaintiff seeks an emergency hearing and Order compelling Defendant WW Investment Group LLC ("Defendant") to appear for its Rule 30(b)(6) deposition scheduled to be held two days in the future, on January 16, 2008. According to Plaintiff, although Defendant acknowledged receiving notice of the deposition, Defendant's representative informed Plaintiff that no corporate designee would attend. Motion at Exhibit D [Docket No. 116-5].

    IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice**. Although the Court is not insensitive to Plaintiff's counsel's dilemma of being forced to travel for an out-of-state deposition that a party deponent has indicated it will not attend, the Court finds no authority to grant the relief sought here.[1] The deposition – and Defendant's promised failure to appear – has not yet occurred. Fed. R. Civ. P. 37(a)(3)(B) permits a party to move for an order compelling "an answer, designation, production or inspection." The Rule does not permit a party to move for an order compelling attendance at a deposition

---

[1] Indeed, Plaintiff's Motion does not cite to any applicable caselaw.

before it is scheduled to occur, and the Court finds nothing in Tenth Circuit precedent to support the relief Plaintiff seeks here.

However, it is worth noting that Defendant has apparently unilaterally decided not to attend its scheduled deposition at its peril. Simply refusing to attend, without more, is insufficient to claim the protection of either the Federal Rules of Civil Procedure (*see* Rules 26(c) and 30(d)) or the Local Rules of this Court (*see* D.C.COLO.LCivR. 30.2(A)). Under such circumstances, if Defendant actually does not appear for its Rule 30(b)(6) deposition on the scheduled date and time, Fed. R. Civ. P. 37(d)(1)(A)(i) and (3) clearly provides for entry of sanctions upon the filing of an appropriate motion by the aggrieved party.

Dated: January 14, 2008