IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

      Plaintiff(s),

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and
Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as a Trustee of Old Times Holding Trust, and
Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of
High Mountain Holding Trust,
ARTHUR C.  DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

      Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter is before the Court on Plaintiff United States' Motion to Compel and for

Sanctions [Docket No. 120; Filed January 22, 2008] (the "Motion").   Defendant WW

Investment Group, LLC filed a response on February 1, 2008 [Docket No. 126], and

Plaintiff filed a reply on February 6, 2008 [Docket No. 127].  For the purposes of this Order,

the term "Defendant" shall refer only to WW Investment Group, LLC.

      By way of background, the Court provides the following history.  On January 14,

2008, Plaintiff moved to compel Defendant to make a representative available for a Rule

30(b)(6) deposition scheduled for January 16, 2008 [Docket No. 116].  Because the time

for Defendant's appearance for its deposition had not yet occurred, the Court denied the

motion without prejudice [Docket No. 118].  However, the Court advised Defendant that "Fed. R. Civ. P. 37(d)(1)(A)(I) and (3) clearly provides for entry of sanctions" should Defendant fail to make someone available for the deposition.  Order on Motion No. 116 at 2 [Docket No. 118].  Defendant failed to attend its deposition, and Plaintiff now moves to compel its attendance and for sanctions [Docket No. 120].[1]  Prior to this Court's ruling, the Court directed Defendant to respond to the Motion by January 31, 2008, including why default judgment should not be entered against it [Docket No. 124].  The Court also warned Defendant that a corporation can appear in Court (including filing pleadings) only by an attorney at law.  *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962); *In re Tax Indebtedness of Stoltz*, 745 F. Supp. 643, 644 n.1 (D. Colo. 1990).  Despite the Court's Order, Defendant filed its response beyond the deadline and filed it through an unnamed corporate "Trustee" who does not appear to be a licensed attorney.

Plaintiff requests several forms of relief:  (1) an Order compelling Defendant to designate a representative to attend a Rule 30(b)(6) deposition on February 27, 2008 in Denver, Colorado; (2) an Order sanctioning Defendant for its failure to attend the deposition of January 16, 2008 by awarding Plaintiff its costs incurred in attending the deposition; (3) In the alternative, an Order sanctioning Defendant by recommending that default judgment be entered; and (4) an Order striking Defendant's response to the Motion.  Motion at 10 [Docket No. 120]; Reply at 3 [Docket No. 127].

---

[1] Plaintiff also moved for entry of default against Defendant [Docket No. 119], and default was entered against it by the Clerk on January 23, 2008 [Docket No. 123].

IT IS HEREBY **ORDERED** that Defendant's response [Docket No. 126] is **STRICKEN** pursuant to Fed. R. Civ. P. 11(a).

IT IS FURTHER **ORDERED** that the Motion is **GRANTED**. Defendant shall designate a representative to attend the Rule (30)(b)(6) deposition and that individual shall appear for the scheduled deposition on **February 27, 2008** in Denver, Colorado. The Court will not recommend that default judgment be entered at this time, but Defendant's failure to comply with the Court's Order will result in such a recommendation to the District Court.

IT IS FURTHER **ORDERED** that Defendant shall pay the reasonable costs incurred by Plaintiff in attending the January 16, 2008 deposition. It is within the Court's discretion to award reasonable costs to Plaintiff pursuant to Fed. R. Civ. P. 30(g) & 37(a), (d). As the Court previously warned Defendant, the failure to make a company representative available for a Rule 30(b)(6) deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Fed. R. Civ. P. 37(d). Plaintiff shall submit an affidavit or affidavits of the costs it incurred by **February 22, 2008**. Defendant's objection, if any, to the affidavit(s) shall be filed by an attorney representative no later than **February 29, 2008**.

Dated: February 12, 2008

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix