IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as a Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendant(s).
_____

**ORDER AWARDING REASONABLE COSTS TO PLAINTIFF**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to its Order of February 12, 2008 [Docket No. 128]. Per that Order, I awarded Plaintiff the reasonable costs incurred by Plaintiff in attending the January 16, 2008 deposition of Defendant WW Investment Group, LLC ("Defendant"). The Court directed Plaintiff to file an affidavit by February 22, 2008, certifying its costs. Plaintiff did so [Docket No.129]. The Court also directed Defendant to file its objections to the affidavit, if any, no later than February 29, 2008. No objections to the affidavit were filed by Defendant.[1]

---

[1] The Court notes that Defendant did file an emergency motion objecting to, among other things, the imposition of sanctions; however, it did so in relation to the Court's Order of Sanctions [Docket No. 128], and not in relation to Plaintiff's affidavit of costs [Docket No. 131]. Because Defendant was objecting to the Court's Order, the

It is the Court's responsibility to make an independent determination as to the reasonableness of the sanction. *See* Fed. R. Civ. P. 37(a) & (b) (noting that the sanctions must both be just and related to the claim at issue); Fed. R. Civ. P. 37(d)(2), (3) (noting that an objection to the propriety of the deposition is not a defense and requiring that the party's failure be "substantially justified" to avoid sanction). *See generally Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 Fed. Appx. 810, 813 (10th Cir. 2001) (holding that the award of fees for abuse of the discovery process "is a remedy provided for by law and within the inherent power of the court"). In assessing a reasonable sanction amount, the Court should also consider the culpability of Defendant. *See* 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2291 at 723-24 (2d ed. 1994). Here, the Court warned Defendant in advance that its failure to attend the deposition would be subject to sanction [Docket No. 118]. As such, the Court considers Defendant's decision not to attend its deposition to be willful. In addition, even were the Court to consider Defendant's unsubstantiated claims regarding its inability to pay Plaintiff's reasonable costs, Defendant's alleged financial indigence does not provide sufficient grounds to avoid payment of the sanction. *See Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520 (D. Md. 1984).

---

Court informed Defendant that it had no authority to rule on such an objection and struck that portion of the motion [Docket No. 133]. The Court also interpreted Defendant's motion as one seeking reconsideration of the Court's Order, and the Court considered, and subsequently denied, this request. In addition, the Court informed Defendant that its "deadline for objecting to Plaintiff's certification of costs is February 29, 2008. Defendant may, of course, raise its alleged inability to pay as a basis for the Court to limit or reduce the amount of costs awarded to Plaintiff." Order at 4 [Docket No. 133]. To date, Defendant has failed to object to Plaintiff's certification of costs or substantiate its alleged inability to pay these costs.

Plaintiff certified that its counsel's travel costs were $721.36 [Docket Nos. 129 & 129-2]. Plaintiff also certified that its counsel spent a total of twelve hours to attend the deposition: (1) 5.5 hours to travel to the deposition in Dallas, Texas; (2) 1 hour to attend the deposition; and (3) 5.5 hours to travel from the deposition to Washington, D.C. Plaintiff seeks to be compensated for its counsel's travel time at the rate of $169.46 per hour for a total of $2,033.52. Having considered the affidavit filed by Plaintiff, Defendant's failure to properly object, and the record before the Court, the Court finds the certification of costs to be reasonable, and sanctions Defendant as follows.

IT IS HEREBY **ORDERED** that Defendant shall reimburse Plaintiff in the amount of **$2,754.88** for the costs incurred by Plaintiff in attending Defendant's January 16, 2008 deposition.

IT IS FURTHER **ORDERED** that the amount set forth in this Order shall be paid on or before **April 4, 2008**, or the Court will recommend that judgment be entered in favor of Plaintiff and against Defendant in that amount. Plaintiff shall notify the Court as to whether Defendant has complied with this Order.

Dated: March 5, 2008

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

3