IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as a Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendant(s).

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS WITHOUT PREJUDICE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff United States' Motion for Sanctions [Docket No. 134; Filed March 5, 2008] (the "Motion"). Defendant WW Investment Group, LLC's (hereinafter, "Defendant") responded to the Motion and called into question whether Plaintiff satisfied its duty to confer pursuant to D.C. Colo. L. Civ. R. 7.1(A) [Docket No. 142; Filed March 20, 2008]. The Court directed Plaintiff to reply to this assertion [Docket No. 143], and Plaintiff did so [Docket No. 144].

    IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice** due to Plaintiff's failure to satisfy the requirements of D.C. Colo. L. Civ. R. 7.1(A) prior to filing the Motion. While the Court is sympathetic to Plaintiff's counsel's argument that given the

past litigation abuses of this Defendant, counsel did everything she could to resolve the issues presented in the Motion prior to its filing, the Court finds that more is required by Local Rule 7.1(A).[1]

Accordingly, Plaintiff is directed to confer with Defendant to try to reach an amicable resolution of the dispute. Should the parties confer and not be able to amicably resolve the issue, the Court will entertain Plaintiff's motion again.

Further, the Court notes that Defendant's continued bald assertions regarding its financial insolvency will not save it from sanction. To date, the Court finds Defendant's conclusory statements about its financial status to be unpersuasive and unavailing. The Court will not accept unsupported allegations regarding Defendant's alleged financial condition as a justification for its continued discovery abuses, its repeated failures to abide by the Federal Rules of Civil Procedure, and its repeated noncompliance with this Court's Orders. Even were Defendant to offer concrete proof of its insolvency, that alone would not save it from sanction for failure to comply with applicable court rules and lawful orders. *See, e.g.*, *Bosworth v. Record Data of Md.*, 102 F.R.D. 518, 520 (D. Md. 1984).[2] A party to a federal lawsuit cannot excuse its failure to satisfy its obligations by asserting financial

---

[1] It is simply not enough to make one phone call, determine opposing counsel is unavailable, and then proceed with the filing of a motion. This is particularly true here where counsel for both parties were in contact via email on a different issue.

[2] Even parties who are adjudicated indigent and insolvent are subject to sanction for their failure to follow applicable court orders and rules. *See, e.g.*, *West v. Denver County Jail Warden*, 07-cv-00226-REB-KLM, 2008 WL 732600 (D. Colo. Mar. 18, 2008) (unpublished decision); *Walker v. Fitzgibbons*, 06-cv-02411-MSK-KLM, 2008 WL 384564 (D. Colo. Feb. 8, 2008) (unpublished decision).

difficulties, documented or undocumented.[3] Defendant must find a way to defend itself within the rules or it must offer some authority for why it believes the Court should overlook its disrespect for the Court and the litigation process because of its financial situation. Otherwise, sanctions will result.

Dated: March 27, 2008

                                        BY THE COURT:

                                        s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix

---

[3] Moreover, the Court is mindful that Defendant was given the opportunity to satisfy its discovery obligations at minimal expense and inconvenience by attending its originally-noticed deposition in Dallas, Texas, but Defendant wilfully chose not to take that opportunity.