IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as a Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendant(s).
_____

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants David W. Goldston and Nancy C. Goldston's ("Goldston Defendants") Motion for More Definite Statement [Docket No. 173; Filed May 6, 2008] (the "Motion"). Goldston Defendants are proceeding *pro se*. As such, the Court construes their motion liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a *pro se* party's advocate and must deny relief where the party has failed to satisfy its burden of proof. *See Hall*, 935 F.3d at 1110.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court. *Daley v. Reg'l Transp. Dist.*, 142 F.R.D. 481, 485 n.3 (D. Colo. 1992). As such, it is rarely granted unless the complaint is

"so excessively vague and ambiguous as to be unintelligible" or defendant would be prejudiced in its attempt to answer it. *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted). Here, Goldston Defendants move for the United States to provide a more definite statement as to the amended complaint. As a preliminary matter, the Motion is not timely. Goldston Defendants' time to answer or otherwise respond to the amended complaint has passed and both have filed answers [Docket Nos. 64 & 65].[1] As such, Goldston Defendants cannot reasonably argue they have been prejudiced. Further, Goldston Defendants point to no ambiguity or vagueness that merits an Order requiring Plaintiff to provide a more definite statement at this stage of the proceedings.

Dated: May 9, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[1] The Court notes that the United States filed a second amended complaint to add additional parties on October 5, 2007 [Docket No. 105], to which Goldston Defendants never responded. Their time for doing so has passed.