IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as a Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendant(s).
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant David Goldston's **Motion to File Out of Time Motion for Summary Judgment** [Docket No. 194; Filed June 2, 2008] (the "Motion"). Defendant David Goldston seeks to file a Motion for Summary Judgment outside the deadline for filing dispositive motions set by the Scheduling Order [Docket Nos. 25 & 140]. The dispositive motions deadline was May 11, 2008, and Defendant Goldston first attempted to file his Motion for Summary Judgment on May 15, 2008 [Docket No. 177], without seeking leave of the Court to extend the dispositive motions deadlines. The Court informed Defendant Goldston that he was required to move to file his motion out of time and to provide good cause for why he could not comply with the Scheduling Order [Docket No. 183].

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The Court accepts

Defendant Goldston's tendered Motion for Summary Judgment [Docket Nos. 177-2 and -3] for filing as of the date of this Minute Order. Plaintiff's response shall be filed on or before **June 26, 2008**. No reply will be permitted.

On a related matter, Defendant Goldston was granted an extension of time up to and including May 27, 2008 to respond to Plaintiff's pending Motions for Summary Judgment [Docket No. 170]. Defendant Goldston did not file his response within the Court-Ordered deadline [Docket No. 193; Filed June 2, 2008]. The Court reminds Plaintiff that the Court's deadlines are not met by merely mailing a pleading on or before the date that it is due. *See* Fed. R. Civ. P. 5(d) (noting that a pleading is not considered to be filed until it is received by the Clerk or the Court). A pleading must be *received* by the date of a deadline in order to be considered timely filed. Although Defendant Goldston's response to Plaintiff's Motion for Summary Judgment was filed out of time, given his *pro se* status, the Court elects to consider it. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972),

Dated: June 6, 2008