IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-02153-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiffs,

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, Trustee of High Mountain Holding Trust, and Trustee of Old Oak Holding Trust, et al.,

    Defendants.

## ORDER MAKING ABSOLUTE ORDER TO SHOW CAUSE

**Blackburn, J.**

    This matter is before me on my **Order To Show Cause** [#147], entered April 2, 2008. On December 5, 2007, the court received without explanation a packet of documents under the letterhead of "Halloran & Reilly, LLC, International Consulting." The documents include lists of claimed taxes, interest, and penalties owed by defendant David W. Goldston and one "Nancy Louise Sharp Goldston;"[1] a putatively bonded promissory note in the amount of $10 million and a bond in the amount of $70 million, both purporting to cover the debts of Nancy Louise Sharp Goldston; and a power of attorney executed by Timothy Paul: McCarthy, purporting to appoint "the Commissioner (and his/her designate) as attorney for me and in my name to offset and transfer" the bond. Having no idea how these documents were in any way relevant to the proceedings before the court, I ordered the parties to show cause why they should not

---

[1] It is not clear whether the "Nancy Louise Sharp Goldston" referenced in the documents is the same person as defendant Nancy C. Goldston.

be returned or destroyed.

Defendant WW Investment Group, LLC, responded to my order, exhorting me to allow the documents to be filed because they purportedly show that the indebtedness of the individual defendants to the government for past tax liabilities has been satisfied. I disagree.[2] There is no evidence that the bond has been executed in accordance with 26 C.F.R. § 301.7101-1(a) & (b), nor is there any argument, authority, or evidence to show that the IRS has accepted the bond in lieu of payment.[3] The documents, therefore, are a nullity as far as these proceedings are concerned.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#147], filed April 2, 2008, is **MADE ABSOLUTE**;

2. That the Clerk of the Court **SHALL DESTROY** the documents unless they are claimed by no later than close of business on **Friday, August 22, 2008**, by Halloran & O'Reilly, LLC; and

3. That if Halloran & Reilly seeks to reclaim the documents, it **SHALL PAY** to the Clerk of the Court the full expense incurred in returning the documents prior to the Clerk's releasing them to Halloran & Reilly.

---

[2] Plaintiff also responded to the Order To Show Cause, noting that it had never received copies of these documents and that defendant David Goldston's tax liabilities remain unsatisfied. (**See United States' Response to Order To Show Cause** [#153], filed April 11, 2008.)

[3] Moreover, it appears that an identical but more recently executed bond has been issued on behalf of Nancy Louise Sharp Goldston. (**See Defendant WW Investment Group, LLC's Motion for Summary Judgment** App., Exh. 6.) It is not clear what, if any, effect this latest bond has on the prior one.

Dated July 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge