IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-02153-PAB-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendants.
_____

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 220] ("the Recommendation") filed by United States Magistrate Judge Kristen L. Mix. The Recommendation recommends that the Court grant plaintiff United States' Motion for Summary Judgment [Docket No. 151]. This case involves the United States' suit to foreclose a tax lien against two properties located in Gunnison County, Colorado. Defendants David W. Goldston ("Goldston") and WW Investment Group, LLC ("WW") have each filed objections to the Recommendation. *See* Docket Nos. 222 and 223. The United States filed a response [Docket No. 227], to which WW filed a reply [Docket No. 229].

### A. Standard of Review

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to those parts of the Recommendation to which either Goldston or WW have objected. Because Dr. Goldston is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### B. Analysis

Defendants Goldston and WW have filed similar objections to the magistrate judge's Recommendation. Moreover, Dr. Goldston adopts any objection of WW. Goldston Obj. at 1. The Court addresses these objections below.[1]

#### 1. Amount of Goldston's Tax Liability

Defendant Goldston argues that there is a dispute regarding the amount of his 1991 tax liability, which in turn calls into question the validity of plaintiff's purported tax lien. Goldston Obj. at 2. Dr. Goldston's argument depends upon a claimed disparity between the determination of his 1991 tax liability by the United States District Court for the Middle District of Florida in *United States v. Goldston*, No. 8:06-cv-1873-T-30-TBM, and the determination of the amount of tax that he owed for 1990 and 1991 in the Middle District of Florida in *United States v. Goldston*, No. 03-cr-415-TGW. However, as the United States points out in its response brief, Dr. Goldston is comparing apples

---

[1]The Court previously entered default judgment against WW as a sanction. *See* Docket No. 217. The Court considers WW's arguments in this Order given that Dr. Goldston has adopted WW's arguments and, because of Dr. Goldston's pro se status, the Court will interpret his objections liberally.

and oranges. The magistrate judge properly relied upon the determination of Dr. Goldston's 1991 tax liability in the civil case, No. 8:06-cv-1873-T-30-TBM, whereas Dr. Goldston cites his criminal case, No. 03-cr-415-TGW, which neither appropriately determined his tax liability as opposed to the amount of restitution, nor was focused solely on his 1991 tax liability. Therefore, the magistrate judge correctly relied upon the 1991 tax liability found by the Middle District of Florida in *United States v. Goldston*, No. 8:06-cv-1873-T-30-TBM.

### 2. Jurisdiction of the United States Tax Court

Defendant Goldston claims that this Court cannot enter summary judgment in favor of plaintiff because a United States district court does not have jurisdiction to determine the correct assessment of income taxes; rather, he argues that only the U.S. Tax Court does. Dr. Goldston's position is without support. Congress has specifically vested jurisdiction in the district courts. 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue"). Thus, Dr. Goldston's objection is overruled.

### 3. Application of State Law

Defendants WW and Goldston argue that the magistrate judge erred in not applying Colorado law in determining the nature of Dr. Goldston's property interest in the two lots at issue in this case and in determining whether High Mountain Holding Trust and Old Times Holding Trust were nominees of Dr. Goldston. WW Obj. at 2; Goldston Obj. at 3-4. While they are correct that the nature of a person's property interest is determined by reference to state law, *United States v. National Bank of*

*Commerce*, 472 U.S. 713, 722 (1985), they are incorrect in suggesting that the magistrate judge failed to apply state law or applied improper factors in determining whether the trusts were nominees. The Recommendation applied the factors discussed in *United States v. Novotny*, 90 A.F.T.R.2d 2002–5684 (D. Colo. 2002). Not only did the court in *Novotny* state that such factors were applicable under both Colorado and federal law, but defendants WW and Goldston do not cite any Colorado cases that call into question the application of those factors to this case. The Court holds that application of the *Novotny* factors to determine whether High Mountain Holding Trust and Old Times Holding Trust were nominees of Dr. Goldston was proper and therefore overrules defendants' objection.

Defendant WW additionally argues that the four-year Colorado statute of limitations regarding fraudulent conveyances, Colo. Rev. Stat. § 38-8-110(1)(b), bars plaintiff's claims because this action was not commenced within four years of the allegedly fraudulent conveyances. WW Obj. at 3. However, the Recommendation is not based on a fraudulent conveyance theory, but rather is based on both a nominee theory and an alter ego theory. Moreover, even if the Colorado statute of limitations did apply to plaintiff's nominee and alter ego theory, the statute of limitations would be preempted by 26 U.S.C. § 6502 and the Supremacy Clause. WW's objection based on the Colorado statute of limitations is overruled.

### 4. Subject Matter Jurisdiction Over Real Property in Colorado

Dr. Goldston challenges the subject matter jurisdiction of this Court because the property at issue is "in the state" and therefore "within the state's jurisdiction." The

argument is frivolous given the Taxation Clause of Article I, section 8 of the Constitution and 28 U.S.C. § 1340, and such objection is overruled.

### 5. Whether the Bonds Satisfy 26 U.S.C. § 6325

Dr. Goldston and WW object to the Recommendation on the grounds that the magistrate judge found that Dr. Goldston's tax liability was not discharged by certain bonds in the amount of $70 million that were filed with the Clerk of the Court. They claim that the Recommendation ignored 26 U.S.C. § 6325(b)(4)(A), which states that "[a]t the request of the owner of any property subject to any lien imposed by this chapter, the Secretary shall issue a certificate of discharge of such property if such owner– . . . (ii) furnishes a bond acceptable to the Secretary in a like amount." Dr. Goldston and WW argue that such bonds meet the statutory and regulatory requirements and are valid. However, they ignore that portion of the statute that requires that any bonds furnished be "acceptable to the Secretary." The Secretary of the Treasury has issued regulations that define when such bonds will be deemed acceptable. *See* 26 C.F.R. § 301.7101-1(b). Dr. Goldston and WW have offered no proof that these requirements have been met. Instead, they rely on the affidavits of two individuals, of no known connection to them, who tendered such bonds. The affidavits do not offer any proof of the statutory requirement that the Secretary accepted them. Rather, the affidavits simply state that the Internal Revenue Service has not rejected the bonds. Because there is no proof that the bonds satisfy 26 U.S.C. § 6325(b)(4)(A)(ii), Dr. Goldston and WW cannot argue that Dr. Goldston's tax liability is discharged by such bonds. The objections are therefore overruled.

### 6. Tax Identification Number and Filing of Tax Return

Dr. Goldston and WW claim that the magistrate judge erred in noting that "the Trust does not have a tax identification number and has never filed a tax return." Recommendation at 22. The magistrate judge cited these unchallenged facts as one of the many factors that she relied upon to determine that "Old Times Holding Trust is a mere nominee of Dr. Goldston." *Id*. Dr. Goldston and WW do not argue that the removal of this one factor would alter the conclusion that the Trust is a nominee of Dr. Goldston, nor do Dr. Goldston or WW offer anything more than conclusory statements that the Trust did not have an obligation to file a tax return or have a tax identification number. As the United States points out, trusts are subject to filing tax returns. *See* 26 U.S.C. § 641. The Court finds that this objection has no merit and is rejected.

### C. Conclusion

The Court finds that the Recommendation is a correct application of the law and the facts and therefore ACCEPTS the Recommendation [Docket No. 220]. The Court adopts the recommendations, findings of fact, and reasoning of the Recommendation for both the objected to and unobjected to portions of the Recommendation, as supplemented by this order. It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment [Docket No. 151] is granted. It is further

ORDERED that Plaintiff's Motion to Strike Exhibit C-2 to W.W. Investment Group, LLC's Response to the United States' Motion for Summary Judgment [Docket No. 180] is granted. It is further

ORDERED that Exhibit C-2 to defendant W.W. Investment Group, LLC's Response in Opposition to the United States' Motion for Summary Judgment [Docket No. 171] is stricken.  It is further

ORDERED that defendant WW Investment Group, LLC's Motion for Summary Judgment [Docket No. 146] is denied.  It is further

ORDERED that Defendant Goldston's Motion for Summary Judgment [Docket No. 202] is denied.  It is further

ORDERED that, on or before September 25, 2009, the parties may submit proposed Orders of Foreclosure and Decree of Sale.  It is further

ORDERED that Defendant WW Investment Group, LLC's Motion for Order [Docket No. 233] is denied as moot.

DATED September 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge