IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-02153-PAB-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
NANCY C. GOLDSTON, individually and as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
WW INVESTMENT GROUP, LLC, as Trustee of Old Times Holding Trust, and Trustee of High Mountain Holding Trust,
ARTHUR C. DAVENPORT, and
FIRST NATIONAL BANK OF PAONIA,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on Defendant Trustee's Motion to Reconsider Order Overruling Objections to and Adopting Recommendation of Magistrate ("Reconsid. Mtn.") [Docket No. 221]. By way of background, plaintiff United States filed a Renewed Motion for Sanctions [Docket No. 148], which the parties briefed. See Docket Nos. 159 and 164. United States Magistrate Judge Kristen L. Mix filed a Recommendation of United States Magistrate Judge ("Recommendation") [Docket No. 184] recommending that the Court grant the motion for sanctions and enter default against defendant WW Investment Group, LLC ("WW"). WW filed objections to the Recommendation [Docket No. 207], and the United States filed a response [Docket

No. 211]. By Order dated July 28, 2008, this Court overruled WW's objections and entered default judgment in favor of the United States against WW [Docket No. 217].

WW's motion to reconsider the Court's July 28, 2008 Order is based on three general claims. First, that the Court did not perform a proper de novo review of those portions of the Recommendation to which WW objected. *See* 28 U.S.C. § 636(b). Second, that the Court went beyond the Recommendation in its entry of default. Third, that the Court erred in adopting many of the magistrate judge's findings. And fourth, that the sanction of default was unjustified. The Court will briefly address each of these arguments.

**1. De Novo Review**

After performing a de novo review of the motion for sanctions, the Recommendation, and their associated pleadings, the Court finds no reason to doubt what the judge previously assigned to this case stated in the July 28, 2008 Order, namely, that he "reviewed *de novo* all portions of the recommendations." Each of the Court's findings and rulings in that Order is supported by the record. Moreover, given that the Court has performed a de novo review of the record in connection with the motion for reconsideration, WW cannot claim prejudice.

**2. Scope of July 28, 2008 Order**

WW claims that the July 28, 2008 Order altered the Recommendation because the Recommendation recommended that default be entered against WW "in an amount to be determined either upon motion or by hearing" whereas the Order stated that default "as to liability SHALL ENTER" against WW "on all claims and causes of action

asserted herein." WW goes on to claim that the "only amount the magistrate had previously ordered and indicated she would recommend entry for was an amount of $2,754.88." Reconsid. Mtn. at 3. WW's argument is not well taken. The magistrate judge had previously referred to $2,754.88 as the United States' costs to attend a Rule 30(b)(6) deposition of WW in Dallas, Texas at which WW failed to appear, Recommendation at 4, not as the proper amount of WW's liability to plaintiff on its Complaint. Thus, the Court did not go beyond the scope of the Recommendation.

### 3. Recommendation's Findings

WW takes exception to many of the Recommendation's findings, but provides nothing that causes the Court to reconsider its adoption of them in its July 28, 2008 Order. On the issue of WW's ability to pay, WW once again offers no proof that it has or had an inability to pay. Instead, WW tries to put the burden on the plaintiff or the magistrate judge to prove its alleged inability to pay ("Neither plaintiff nor the magistrate refuted the Trustee's inability to pay," Reconsid. Mtn. at 4), which it cannot in the context of sanctionable conduct. *See* Recommendation at 6, 9-10, 14. On the issue of willfulness, WW claims that the magistrate judge's finding of willfulness is not supported, but WW's course of conduct regarding discovery, as discussed in the Recommendation, can leave no other conclusion but that its conduct was willful. On the issue of the bonds, WW's arguments are frivolous. WW initially claimed that it would rely on the bonds "to satisfy whatever the court deems appropriate." WW Response to Renewed Mtn. for Sanctions at 11. In the motion for reconsideration, WW distances itself from the bonds and now claims that the bonds were provided for the

Goldstons' benefit and WW had no ability to "validate the bonds." Reconsid. Mtn. at 5. Whatever WW's position is on the bonds, the bonds provide no basis to mitigate its sanctioned conduct.

**4. Default as a Sanction**

As explained in the Recommendation, the magistrate judge used a variety of means to attempt to get WW to comply with the Rules of Civil Procedure and orders of the Court. WW's persistent refusal to comply with its obligations fully justifies entry of default.

Wherefore, Defendant Trustee's Motion to Reconsider Order Overruling Objections to and Adopting Recommendation of Magistrate [Docket No. 221] is denied.

DATED September 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge