IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-02153-PAB-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

DAVID W. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
NANCY S. GOLDSTON, individually and
as Trustee of  Old Times Holding Trust and
Trustee of High Mountain Holding Trust; and
W.W. INVESTMENT GROUP, LLC, as
Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust.

      Defendants.

_____

## ORDER
_____

This matter is before the Court on plaintiff United States' Motion to Dismiss

Pursuant to Rule 41(a)(2) [Docket No. 256] and defendants Nancy Goldston and David

Goldston's Motion for Final Judgment [Docket No. 261].  Plaintiff's motion is fully

briefed, *see* Docket Nos. 257, 258; however, plaintiff has not responded to the

Goldstons' motion for final judgment.

On March 31, 2010, judgment entered in this case in favor of plaintiff and against

all remaining defendants, including the Goldstons and W.W. Investment Group, LLC as

trustee of Old Times Holding Trust and High Mountain Holding Trust [Docket No. 248].

The judgment decreed that defendant David W. Goldston was the true and beneficial

owner of the properties at issue, and that the other entities involved in the case were nominees and alter egos of Mr. Goldston.  Docket No. 248 at 2.  The judgment further decreed that the United States had federal tax liens against the properties that were the subject of this litigation, but that these tax liens could only be foreclosed upon in the event that a final judgment was entered in *United States v. Goldston*, Civ. No. 8:06-cv-01873-JSM-TBM (M.D. Fla.) finding that Mr. Goldston had an outstanding tax liability for the 1991 tax year.  Docket No. 248 at 3.

On April 6, 2010, plaintiff advised the Court that the United States District Court for the Middle District of Florida found in Mr. Goldston's favor and that as a result it was adjudged that Mr. Goldston did not have an outstanding tax liability for the 1991 year [Docket No. 249].  Thus, as plaintiff states in its motion for voluntary dismissal, a foreclosure order is no longer necessary.  Moreover, the prior judgment disposed of all the defendants and claims pending in this case, despite being predicated on the final judgment from the Middle District of Florida.  Therefore, plaintiff is correct that there is no further issue before the Court.  Accordingly, it is

**ORDERED** that plaintiff's Motion to Dismiss Pursuant to Rule 41(a)(2) [Docket No. 256] is **GRANTED**.  It is further

**ORDERED** that defendants' Motion for Final Judgment [Docket No. 261] is **DENIED** as moot.  It is further

2

**ORDERED** that final judgment shall enter in this matter in accordance with the

Court's previous Judgment [Docket No. 248].


DATED January 25, 2011.

BY THE COURT:


  s/Philip A. Brimmer

PHILIP A. BRIMMER
United States District Judge